1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  DAVID B. NEWDORF, State Bar #172960
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3800
6  Facsimile:     (415) 554-3837

7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   HEATHER FONG, STEPHEN JONAS and
9  MATT MASON

10

11
                        UNITED STATES DISTRICT COURT
12
                       NORTHERN DISTRICT OF CALIFORNIA
13

14 | M.L., by and through his Guardian Ad Litem, MONICA AUTRY, | Case No. C 04-1782 PJH
15 |         Plaintiff, | Case No. C04-3982 PJH
16 |     vs. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL PEACE OFFICER INFORMATION**
17 | CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO STEPHEN BENZINGER, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco Police Officers DOES 1-25, inclusive,
22 |         Defendants,
23 | LEE COLLINS,
24 |         Plaintiff,
25 |     vs.
26 | CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND

COUNTY OF SAN FRANCISCO; STEPHEN JONAS, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; MATT MASON, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco Police Officers DOES 1-25, inclusive,

          Defendants.

The parties to these actions (*Lee Collins v. City and County of San Francisco* and *M.L. v. City and County of San Francisco*), by and through counsel, STIPULATE and AGREE as follows:

1.    Information and records contained in the personnel files of San Francisco Police Officers (or former officers) shall be treated as confidential in this litigation. Those records are hereinafter referred to as "CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION." These records include but are not limited to police officers' home addresses and complaints and discipline records contained in the files of the San Francisco Police Department and/or the Office of Citizens' Complaints.

2.    The CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION shall not be exhibited, displayed or otherwise disclosed by Plaintiffs' Counsel (or authorized persons described in paragraph 4) to other persons except as specifically provided herein.

3.    Plaintiff's Counsel may exhibit and/or disclose CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION only to the following categories of person and no others unless authorized by order of the Court:

    a.    Plaintiff's Counsel;

    b.    A witness who was the complainant against a San Francisco Police Officer involved in this case may view his or her complaint and documents concerning his or her complaint, but may not view complaints concerning other complainants. The limitation of this paragraph includes Plaintiff Orlando Bacon, who may view records concerning his own complaint(s) (if such document(s) exist(s)) only in the presence of Plaintiff's Counsel and may not receive originals or

1  copies of any CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION.  This
2  paragraph also does not prevent Plaintiff Orlando Bacon from receiving copies of his own written
3  complaint(s) submitted to the Office of Citizens Complaints (if such document(s) exist(s)).  This
4  paragraph does not prevent counsel from discussing the contents of CONFIDENTIAL POLICE
5  OFFICER PERSONNEL INFORMATION with Plaintiff Orlando Bacon for purposes connected with
6  the litigation.

7          c.      Experts, investigators or consultants retained by Plaintiff's Counsel to assist in
8  the evaluation, preparation, or trial of this case.  Before any expert, investigator, or consultant is
9  permitted to review the CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION, such
10 individual must agree to comply with the terms of this Protective Order by executing the NON
11 DISCLOSURE AGREEMENT attached as Exhibit A to this Order.  Plaintiffs' Counsel may make
12 one copy of CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION for each such
13 individual.  Plaintiffs' counsel shall retain the original of all NON-DISCLOSURE AGREEMENTS
14 for five years after the conclusion of this litigation, whether through final judgment, appeal, or by
15 whatever means resolved.  Experts, investigators, and consultants shall not have any power to
16 authorize further disclosure of CONFIDENTIAL POLICE OFFICER PERSONNEL
17 INFORMATION to any other person.

18      4.      Nothing contained in this order shall prohibit any person, including any persons
19 described in 3(a-c) above, from using or referring to CONFIDENTIAL POLICE OFFICER
20 PERSONNEL INFORMATION in motion papers or pleadings filed with the Court, provided that
21 adequate provision is made to protect the confidentiality of the CONFIDENTIAL POLICE OFFICER
22 PERSONNEL INFORMATION and provided that any portion of such motion papers or legal
23 pleadings that reference said CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION
24 is filed under seal pursuant to the Court's rules and procedures (see Civil Local Rule 79-5).

25      5.      At the conclusion of this litigation, through final judgment, appeal, or by whatever
26 means resolved, all persons subject to this Order (including experts, investigators or consultants) shall
27 return all copies of the CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION to
28 counsel for the City.

6. Unless disclosure is ordered by the Court, attorneys for Defendants shall have the sole authority to determine that documents subject to the Protective Order are no longer considered CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION and will advise counsel for plaintiff in writing if this determination is made. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION by filing a noticed motion or a motion for administrative relief under Civ. L.R. 7-11 or by any other procedure directed by the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive its entitlement to monetary sanctions, including attorney's fees.

7. In the event of any unauthorized disclosure as set forth herein, the City and County of San Francisco reserves the right to seek appropriate sanction of the Court.

AGREED AND STIPULATED:

Dated:  November 1, 2005          DENNIS J. HERRERA
                                  City Attorney
                                  JOANNE HOEPER
                                  Chief Trial Attorney
                                  SEAN F. CONNOLLY
                                  DAVID B. NEWDORF


                                  By:         /s/
                                     DAVID B. NEWDORF
                                     Attorneys for Defendants


DATED:  November 1, 2005          LAW OFFICE OF JOHN L. BURRIS



                                  By:         /s/
                                     BENJAMIN NISENBAUM
                                     Attorney for Plaintiffs


The undersigned counsel certifies that he has obtained approval by e-mail to e-file this Stipulation on behalf of counsel for all parties.

                                         /s/
                                  DAVID B. NEWDORF

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: 11/3/05

_____
Hon. Phyllis J. Hamilton
United States District Judge

**EXHIBIT A**

**NON DISCLOSURE AGREEMENT**

I, the undersigned, have read and understood the Stipulated Protective Order Re: Confidential Peace Officer Information in *Lee Collins v. City and County of San Francisco,* U.S. District Court No. C 04-3982 PJH, and *M.L. v. City and Countyof San Francisco,* U.S. District Court No. C 04-1782 PJH.  I agree to comply with the confidentiality requirements as stated in the Order and not to use or disclose CONFIDENTIAL POLICE OFFICER PERSONNEL INFORMATION except as permitted by the Order.  I understand that if I violate this Order I may be subject to sanction by the Court.

Date: _____

Signed: _____

Print Name: _____

(Plaintiff's Counsel shall retain the originals of these form as required by this Order.)